**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4612**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

ANGEL ACEVEDO, a/k/a Angel Rico, a/k/a Angel Acevedo Rico,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:07-cr-01281-TLW-1)

─────────

Submitted:  April 20, 2010        Decided:  June 11, 2010

─────────

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Andrew Mackenzie, BARRETT-MACKENZIE, LLC, Greenville, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angel Acevedo timely appeals from the fifty-seven month sentence imposed following his guilty plea to one count of possession with intent to distribute, and distribution of, 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (2006). Acevedo's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether there is conclusive evidence that Acevedo received ineffective assistance of trial counsel. Acevedo has filed two pro se supplemental briefs raising the same ineffective assistance claims as counsel, as well as claims that the district court failed to adequately advise him of the weapon enhancement during the Federal Rule of Criminal Procedure 11 hearing, improperly calculated his offense level and Guidelines range, and violated his Sixth Amendment rights. Finding no error, we affirm.

In the Anders brief, Acevedo contends that his district court counsel: (1) did not adequately explain the pending charges such that he could make a knowing and voluntary decision to plead guilty; (2) forced and/or coerced him into pleading guilty by telling him the Government would file additional charges against him if he did not; and (3) did not make any objections to the incorrect sentencing range in the

2

Presentence Investigation Report. A defendant may raise a claim of ineffective assistance of counsel "on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance." United States v. Martinez, 136 F.3d 972, 976 (4th Cir. 1998). To prove ineffective assistance the defendant must show two things: (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Our review of the record reveals no conclusive evidence that Acevedo's counsel did not provide effective assistance. Therefore, we decline to review Acevedo's ineffective assistance of counsel claims on direct appeal. We have also reviewed the additional issues raised in Acevedo's pro se supplemental briefs and find them to be without merit.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Acevedo's conviction and fifty-seven month

3

sentence. This court requires that counsel inform Acevedo, in writing, of his right to petition the Supreme Court of the United States for further review. If Acevedo requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Acevedo. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED